UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ELMER DOWNS                                                                                Plaintiff

v.                                            Civil Action No. 3:19-cv-00057-RGJ

UNITED STATES POSTAL SERVICE                      Defendant

## MEMORANDUM OPINION AND ORDER

Plaintiff Elmer Downs ("Downs") brings this action against Defendant United States Postal Service ("USPS") alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000d *et seq*. [DE 1, Compl. at 4, ¶¶ 18–25]. USPS now moves to dismiss all claims pursuant to Federal Rules of Civil Procedure 12(b)(6). [DE 9 at 27]. Briefing is complete, and the matter is ripe. [*See* DE 9-1, Mem. to Mot. to Dismiss; DE 10, Pl.'s Resp. to Def.'s Mot. to Dismiss; DE 11, Reply]. For the reasons below, the Motion is **GRANTED IN PART** and **DENIED IN PART**. [DE 9].

### BACKGROUND[1]

In 1966, USPS hired Downs as a Distribution Clerk. [DE 1 at 2, ¶ 10]. During his thirty-three years with USPS, Downs filed several complaints of race or gender discrimination. *Id*. In

---

[1] Unless otherwise noted, the factual allegations are from the plaintiff's complaint and assumed to be true for the present motion. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

1999, Downs retired from USPS. *Id*. Ten years later, Downs applied to be a mediator for USPS to preside over informal Equal Employment Opportunity ("EEO") complaints. *Id*. at ¶ 11. Downs alleges that he "was informed that he could not be considered for a position because he had previously filed an EEO complaint against the Postal Service." *Id*. Downs then filed an EEO claim of reprisal. *Id*.

In 2011, USPS solicitated applications to fill investigator positions with the National Equal Employment Opportunity Investigative Services Office ("NEEOISO"). *Id*. at ¶ 12. Downs applied to attend the Skills Enhancement Training session ("training session"). *Id*. After no response, Downs asked about the status of his application and USPS informed him he was not selected. *Id*. In August 2012, Downs filed an EEO complaint against NEEOISO, which the parties settled in March 2014. *Id*. As part of the settlement agreement, USPS invited Downs to participate in a future training session. *Id*.

In 2015, Downs participated in the training session that ran from June 8 to June 12. *Id*. at ¶ 13. Downs alleges that on June 10 he was informed he could not complete the training session based on the failing grade from his last homework assignment. *Id*. at ¶ 14. Downs also alleges he received no prior warnings of his poor performance and that he was unaware he needed to improve his performance to remain in the training session. *Id*. at ¶ 14. USPS contends that Downs could not successfully pass the course because it was mathematically impossible when combined with his other scores. [DE 9-1, Mem. to MTD].

Downs filed this lawsuit against USPS alleging the reason given by USPS for not allowing him to complete the training course was a pretext for age discrimination and retaliation under the ADEA and Title VII. [DE 1]. USPS moves to dismiss these claims arguing that (i) Downs has no right to relief under the ADEA or Title VII because he sought a position as an independent

contractor, not as an employee [DE 9-1 at 31]; and that (ii) Downs failed to adequately plead a retaliation claim as the Complaint contains no facts causally connecting Downs' EEO activity with his expulsion from the training program. *Id.* at 30, n.3. In response, Downs argues that, as a former USPS employee who engaged in protected activity, he is protected from retaliation "regardless of whether the later position he sought was an employee or independent contractor." [DE 10 at 38]. Alternatively, Downs argues that whether the position was for an employee or independent contractor requires factual analysis not appropriate on a motion to dismiss. *Id.*

## DISCUSSION

### A. Standard of Review.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). The court must determine whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid

of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64). To summarize, the Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Morris v. Murray St. Univ.*, No. CIV.A. 5:18-CV-156-TBR, 2019 U.S. Dist. LEXIS 104235, at *6 (W.D. Ky. June 21, 2019).

### B. Count I: Age Discrimination.

Downs brings a claim of age discrimination under the ADEA alleging that USPS "discriminated against Downs based on his age when it refused to allow him to complete training to be certified as an EEO Investigator." [DE 1, ¶ 19]. Under the ADEA, "employers are prohibited from discharging or otherwise discriminating against any employee with respect to compensation, terms, conditions, or privileges of employment because of that individual's age." *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 393 (6th Cir. 2008). Plaintiffs alleging age discrimination

have the initial burden of showing that age was a determinative factor in the adverse employment action taken against them. *Colter v. Bowling Green-Warren Cty. Reg'l Airport Bd.*, No. CIV.A. 1:17-CV-00118-JHM, 2017 WL 5490920, at *11 (W.D. Ky. Nov. 15, 2017) (citing *Allen*, 545 F.3d at 394). To state a plausible age discrimination claim, a plaintiff may present direct or circumstantial evidence. *Allen*, 545 F.3d at 394. "Direct evidence of discrimination is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Id.* at 393. "Circumstantial evidence, on the other hand, is proof that does not on its face establish discriminatory animus but does allow a factfinder to draw a reasonable inference that discrimination occurred." *Id.*

When a plaintiff seeks to prove discrimination through indirect or circumstantial evidence, courts apply the *McDonnell Douglas* burden shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993). Under this framework, a plaintiff must first establish a *prima facie* case of discrimination. *Allen*, 545 F.3d at 394. To establish a *prima facie* case of age discrimination, Downs must show that: (1) he is a member of a protected class, (*i.e.*, he is over 40-years-old); (2) he was subjected to an adverse employment action; (3) he was qualified for the position; and (4) he was treated differently from similarly situated applicants outside the protected class. *Mitchell v. Vand. Univ.*, 389 F.3d 177, 181 (6th Cir. 2004).

While some courts require plaintiffs to plead a *prima facie* case of discrimination under the *McDonnell Douglas* framework, the Sixth Circuit has explicitly rejected this heightened pleading requirement. *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012). Rather, the Sixth Circuit follows the Supreme Court's precedent created in *Swierkiewicz*. *Id.* In *Swierkiewicz*, the Supreme Court unanimously held that the *McDonnell Douglas* framework is an evidentiary standard, not a

pleading requirement. *Id.* (citing 534 U.S. at 510). The Supreme Court reasoned that since the *McDonnell Douglas* framework does not apply to all employment discrimination lawsuits, courts should instead review employment discrimination claims under the ordinary pleading rules of Federal Rule of Civil Procedure 8(a). *Swierkiewicz*, 534 U.S. at 510–11.

Under the ordinary pleading rules a complaint must still contain either direct or indirect allegations of the material elements of the alleged causes of action to show that a defendant is liable for the alleged misconduct. *Ali v. Univ. of Louisville*, No. CIV. A. 3:17-cv-00638-RCJ, 2019 WL 539098, at *15 (W.D. Ky. Feb. 11, 2019). Thus, courts use the *prima facie* elements as guideposts to navigate through a plaintiff's plausible claims of relief. *Id.* (citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012)); *see also Morgan v. St. Francis Hosp.*, No. 18-cv-2042-TLP-tmp, 2018 WL 7348028, at *7 (W.D. Tenn. June 26, 2018) (collecting cases).

For example, in *Bargo v. Goodwill Industries of Kentucky*, the court held that the plaintiff failed to plead a viable age discrimination claim because plaintiff offered no factual allegations to show she was terminated because of her age. 969 F. Supp. 2d 819, 823 (E.D. Ky. Jan. 17, 2013). The court ruled that even though the plaintiff alleged she was over 40 years old and thus a part of a protected class, and that her employer's offered reasons for her termination were pre-textual, the plaintiff omitted specific facts from which the court could draw a reasonable inference that defendant was liable for the alleged misconduct. *Id.* The court determined that "[w]ithout providing any factual allegations about a pattern of age discrimination, this allegation is nothing but a legal conclusion that will not be accepted as true." *Id.* (citing *Iqbal*, 556 U.S. at 679).

Similarly, in *Gutterman v. SourceHOV Healthcare, Inc.*, the court held that plaintiffs must plead more than mere recitations of the elements of an age discrimination claim to survive a motion to dismiss. No. CIV.A. 3:15-CV-00093-JHM, 2016 WL 427921, at *9 (W.D. Ky. Feb. 2, 2016).

In *Gutterman*, the court ruled that the plaintiff failed to include in his complaint a factual basis which would permit the court to reasonably infer that the plaintiff's age, as opposed to any other nondiscriminatory reason, had factored into the employer's decision to terminate the plaintiff. *Id.*, at *8. In *Gutterman*, the plaintiff only alleged that he was older than 40 years old; that he was qualified for the position; and that he believed a younger employee replaced him. *Id.* The court found these allegations alone merely created speculation or suspicion and did not demonstrate a plausible claim to relief for age discrimination. *Id*. Downs must therefore allege sufficient factual content from which the Court can draw a reasonable inference that USPS discriminated against him because of his age.

Downs fails to establish a plausible claim of age discrimination. His Complaint does not allege facts from which the Court could draw a reasonable inference that USPS discriminated against him and expelled him from the training program because he was over forty years old. Much like Gutterman, Downs alleges that (1) he is older than forty years old, and thus a member of a protected class; [*see* DE 1 at ¶ 9]; (2) "[t]he reasons given by NEEOISO are pretext for discrimination based on Downs' age" [*Id.* at ¶ 16]; and (3) "[s]imilarly situated younger attendees . . . were treated more favorably by NEEOISO." *Id*. at ¶ 17. Without providing any factual allegations of discriminatory animus towards older people or the ages of the "similarly situated younger attendees," these allegations are legal conclusions and formulaic recitations of the elements of an age discrimination claim which will not be accepted. The Court cannot reasonably infer from these allegations that Downs' age, as opposed to another nondiscriminatory reason (e.g., poor performance), was a determinative factor in USPS's decision to dismiss him from the training session. As a result, Downs has not sufficiently pled a claim of age discrimination and the Court GRANTS the motion to dismiss as to Downs' age discrimination claim under the ADEA.

7

### C. Count II: Retaliation.

Downs also asserts claims of retaliation under the ADEA and Title VII. He alleges USPS dismissed him from the skills training program because he had engaged in EEO activity. USPS argues that even if Downs completed the training program, the ADEA and Title VII do not apply to independent contractors, and thus, because Downs was applying to be an independent contractor, his claims fail as a matter of law.

In *Robinson v. Shell Oil Co.*, the Supreme Court held that Title VII's anti-retaliation provisions include former employees suing for retaliatory, post-employment actions, such as a negative reference to a potential employer. 519 U.S. 337, 339 (1997). In *Robinson*, a former employee sued his former employer claiming his employer retaliated against him by unlawfully disparaging his name to a prospective employer after he filed a charge of race discrimination. *Id.* The Supreme Court ruled that the district court improperly dismissed the former employee's retaliation claim because the plaintiff employee was not protected under the Act as a former employee. *Id.*

The Sixth Circuit recognizes also that former employees are protected under Title VII. *See EEOC v. Ohio Edison Co.*, 7 F.3d 541, 544 (6th Cir. 1992) (collecting cases which hold former employees have protection under several anti-retaliation provisions); *see also White v. Burlington N. & Santa Fe Ry.*, 364 F.3d 789, 811 (6th Cir. 2004) (concurring opinion). While the Sixth Circuit has not yet extended *Robinson* to the ADEA's anti-retaliation provision, the Sixth Circuit has acknowledged that the "majority of courts, including the Supreme Court, have been willing to construe Title VII and companion provisions under . . . the Age Discrimination Employment Act, 29 U.S.C. § 623(d), broadly in order not to frustrate the purpose of these Acts, which is to prevent fear of economic retaliation from inducing employees quietly to accept unlawful conditions."

*Ohio Edison Co.*, 7 F.3d at 544 (citing *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)). Although Downs' sought "contract work," this fact does not preclude him from pursuing claims of retaliation under the ADEA and Title VII because he is a former employee and the protections of Title VII and ADEA apply former employees.

The ADEA's anti-retaliation provision declares it "unlawful for an employer to discriminate against any of his employees or applicants for employment . . . because such individual . . . has opposed any practice made unlawful by this section, or . . . made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this Act." 29 U.S.C. § 623(d). Similarly, the anti-retaliation provision of Title VII states it is "unlawful for an employer to discriminate against an employee because the employee opposed an unlawful employment practice, or made a charge, or participated in an investigation, proceeding, or hearing related to Title VII." *Ohio Edison Co.*, 7 F.3d at 543 (citing 42 U.S.C. § 2000e-3(a)). "A plaintiff in a Title VII or ADEA action may establish retaliation either by introducing direct evidence of retaliation or by proffering circumstantial evidence that would support an inference of retaliation." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 543 (6th Cir. 2008). Direct evidence "requires no inference to conclude that unlawful retaliation was a motivating factor in the employer's action." *Id.* at 544. Without direct evidence, the Court will apply the *McDonnel Douglas* framework. *McDonnell Douglas Corp.*, 411 U.S. at 802. Thus, the Court views Downs' retaliation claims alongside the *prima facie* elements to determine if Downs stated plausible claims to relief.

   a. **Retaliation under the ADEA.**

To state a claim of retaliation under the ADEA, Downs must show that: (1) he engaged in protected activity by the ADEA; (2) USPS knew about his protected conduct; (3) USPS took an

9

adverse employment action towards him; and (4) there was a causal connection between the protected activity and the adverse employment action. *See Fox v. Eagle Distributing Co., Inc.*, 510 F.3d 587, 591 (6th Cir. 2007). Most importantly, to receive protection under the ADEA, a plaintiff's expression of opposition must concern a violation of the ADEA. *Id.* (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1313 (6th Cir. 1989)).

In *Fox,* the Sixth Circuit concluded that the plaintiff's vague and baseless threats to sue his employer did not rise to the level of opposition to age discrimination because the record lacked any complaints made specifically about age discrimination. *See* 510 F.3d at 592. Similarly, in *Barber v. CSX Distribution Services*, the court affirmed the dismissal of the plaintiff's retaliation claim because plaintiff's internal complaint did not reference age discrimination and therefore did not constitute protected activity under the ADEA. 68 F.3d 694, 701–702 (3d Cir. 1995).

Downs does not allege that he engaged in protected activity under the ADEA. Instead, he alleges that he engaged in protected activity when he "filed several complaints of *race* or *gender* discrimination related to his employment." [DE 1 at ¶ 9] (emphasis added). This activity is protected under Title VII, not the ADEA. For Downs' complaints to be considered protected activities under the ADEA, he must have complained about USPS's alleged acts of *age discrimination*. Because Downs only provides factual allegations of protected activity under Title VII, Downs has failed to plead a plausible claim of retaliation under the ADEA. As a result, USPS's motion to dismiss Downs' claim of retaliation under the ADEA is GRANTED.

    **b. Retaliation under Title VII.**

To plead a claim of retaliation under Title VII, Downs must establish that: (1) he engaged in activity protected by Title VII; (2) USPS knew about his protected activity; (3) USPS took adverse employment action against him; and (4) there was a causal connection between the

protected activity and the adverse employment action. *Nguyen v. City of Clev.*, 229 F.3d 559, 563 (6th Cir. 2000). To sufficiently allege a causal connection in the complaint, a plaintiff must plead factual content from which an inference could be drawn that the adverse action would not have been taken had the plaintiff not filed a discrimination complaint. *See Keys*, 684 F.3d at 608; *Nguyen*, 229 F.3d at 563.

As support for its argument, USPS cites *Ali v. University of Louisville*, No. CIV. A. 3:17-cv-00638-RCJ, 2019 WL 539098, at *1 (W.D. Ky. Feb. 11, 2019). In *Ali*, the plaintiff failed to allege a causal connection between his protected status and the University's allegedly adverse actions because Ali merely noted he belonged to a protected class but did not allege how similarly, non-protected individuals were treated more favorably than him. *Id.*, at *15. Unlike Ali, who claimed discrimination on the basis of ethnicity, Downs claims he was retaliated against because of his EEO protected activity. Under a claim of retaliation, Downs must allege facts sufficient to support a causal connection between his protected activity and USPS's adverse employment action.

Downs has sufficiently alleged that he engaged in protected activity through these allegations: (i) he filed several complaints of race or gender discrimination during his employment with USPS; (ii) he filed a EEO claim of reprisal after he was told he could not be considered for a mediator position as he had filed EEO complaints against the Postal Service; and (iii) he filed an EEO complaint against NEEOISO which was later settled. As part of the settlement agreement, USPS invited Downs to a future training session. Downs then attended the Skills Enhancement Training session in June 2015, about fourteen months after the settlement of his complaint against NEEOISO.

Downs also alleges that NEEOISO trainers neither notified him that he needed to improve his scores to pass the course, nor did they give him any warnings about his poor performance. Reading the Complaint as a whole, Downs has provided a factual basis from which the Court may reasonably infer at this stage of the proceedings a causal connection between Downs' protected activity and his expulsion from the training program. Under the pleading requirements of *Twombly* and *Iqbal*, Downs need not develop his case completely before discovery begins. Thus, USPS's motion to dismiss Downs' claim of retaliation under Title VII is DENIED.

## CONCLUSION

Having considered the parties filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that Defendant's Motion to Dismiss [DE 9] is **GRANTED IN PART** and **DENIED IN PART**.

Rebecca Grady Jennings, District Judge
United States District Court

August 20, 2019

Cc: Counsel of record